IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:_____-CIV-_____

NORMA O. GAZONNI,

    Plaintiff,

v.

VICTORIA'S SECRET DIRECT BRAND
MANAGEMENT, LLC,
D/B/A PINK

    Defendant.

_____/

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff Norma O. Gazonni ("Plaintiff "or "Gazonni"), by and through undersigned counsel, sues Defendant sues Defendant, VICTORIA'S SECRET DIRECT BRAND MANAGEMENT LLC., a foreign for profit corporation d/b/a PINK (hereinafter referred to as "Victoria's Secret"), for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

**INTRODUCTION AND NATURE OF THE ACTION**

1. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reader software to speak website content using her computer or

1

cellphone. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Venue is proper in this Court as all actions complained of herein and injuries and damages suffered occurred in the Southern District of Florida.

4. Defendant's website https://www.victoriasecret.com/us/pink (the "Website") is not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in VICTORIA'S SECRET DIRECT BRAND MANAGEMENT LLC. ("Defendant" or "Victoria's Secret") policies, practices and procedures so that Defendant's website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

5. Plaintiff is sui juris, and she is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, build, maintain, and operate its  https://www.victoriasecret.com/us/pink to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to physical stores and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. Defendant's website is a point of sale for the Defendant physical store. The Defendant's e-commerce platform (https://www.victoriasecret.com/us/pink the "Website") allows purchase of the same merchandise online or at the brick-mortar store.

7. The Defendant owns and operates the Website for desktop and mobile application for e-commerce as well as several clothing stores that are located in Florida.

8. Because Defendant is a store open to the public, each of Defendant's physical stores is a place of public accommodation subject to the requirements of Title III of the ADA, 42 U.S.C. §12182, §12181(7)(E), and its implementing regulations, 28 C.F.R. Part 36.

9. Plaintiff Norma Gazonni, a blind woman, residing in Miami, Florida brings this action under the Americans with Disabilities Act in Federal Court.

10. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content.

11. Plaintiff cannot use her computer and mobile device browser without the assistance of appropriate and available screen reader software to understand websites.

12. Said Defendant entities will hereinafter collectively be referred to as "Victoria's Secret" or, where appropriate, "Defendant."

13. Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used hundreds of websites. The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

14. Plaintiff visited the Website when at home, or on the go. The purpose of the *W*ebsite is to turn visitors into prospects. One of the functions of the Defendant's Website is to provide the public information on the locations of Defendant's stores through a "Locate stores"

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders.

3

feature. Defendant also sells to the public its merchandise through the Website, which acts as a point of sale for Defendant's merchandise available in, from, and through Defendant's physical stores and https://www.victoriasecret.com/us/pink.

15. This action arises from Defendant's ongoing operation of its business in a manner that effectively excludes individuals who are visually impaired, including Plaintiff, from full and equal access to Defendant's physical retail locations and its e-commerce website ("Website"). The Website offers the same goods available in Defendant's brick-and-mortar stores and functions as an integrated extension and gateway to those physical locations. Through the Website, consumers can access product information, locate Defendant's stores, and purchase merchandise at any time, 24 hours a day, seven days a week—whereas Defendant's physical stores are open only during limited business hours. The Website is therefore inextricably linked to, and has a direct nexus with, Defendant's physical locations, serving as a vital point of access to the goods, services, privileges, and advantages Defendant offers to the general public.

16. Because the public may view and purchase Defendant's goods through the Website, goods that are also offered for sale in Defendant's physical stores—the Website functions as a point of sale for Defendant's products, facilitates in-store and curbside pickup of merchandise purchased online, and provides benefits for use both online and in the physical stores. Accordingly, the Website operates as an extension of, and gateway to, Defendant's brick-and-mortar locations, which are places of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7)(E).

17. Even if the Website is not itself a place of public accommodation the Defendant's physical stores are a place of public accommodation under 42 U.S.C. §12181(7)(E), and must comply with all requirements of the ADA. The Website is an extension and a necessary

service, privilege, and advantage of the Defendant's physical stores. Defendant must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical stores.

18. As a result of Plaintiff being legally blind, before she embarks on any venture from her home, Plaintiff studies the location where Plaintiff is seeking to patronize through using the internet. Plaintiff has made innumerous attempts to access Defendant's physical store and Website in the past, but Plaintiff could not locate the nearest store through the website neither pre-shop the Defendant's merchandise because the Website is not readable by the screen-reader.

19. Plaintiff intends to continue to access the Defendant's physical store and make a purchase through the Website and pick up at curbside or just pre-shop. Plaintiff was informed that there is a Victoria's Secret-Pink store near Plaintiff's home, located at 701 S Miami #331, Miami, Florida 33130.

20. Plaintiff is and has been a customer who is interested in patronizing and intends to patronize in the near future Defendant's physical stores once the Website's access barriers are removed or remedied. Plaintiff visited one Victoria's Secret-Pink store with friends, but Plaintiff cannot independently find the Defendant's stores on its own when visiting the Website. The barriers Plaintiff encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

21. Before Plaintiff visited Defendant's physical store, Plaintiff needs to visit the store online, because the opportunity to shop and pre-shop Defendant's products from Plaintiff's home are important accommodations for Plaintiff; because as a visually disabled individual Plaintiff plans her outings in advance.

22. Plaintiff is impeded to access and communicate with Defendant effectively, unable to take advantage and use the Website to pre-shop and purchase Defendant's merchandise, to arrange in-store pickups of merchandise purchased online, create an account and sign up for an electronic emailer to receive exclusive online offers, benefits, invitations, and discounts for use both online and in the physical stores.

23. The privilege to navigate the Website from Plaintiff's home is important and necessary accommodations for Plaintiff because traveling outside of her home as a visually disabled individual is an often challenging and fearsome experience. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. *Title III ADA 28 C.F.R. § 36.303.*

24. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to Defendant's physical stores and online e-commerce platform (the Website).

25. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

26. Defendant has shops in the State of Florida. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

27. Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was told that there is a Victoria's Secret-Pink's store near her area.

28. Plaintiff is a resident of Miami, zip code FL 33145, she is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

29. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

30. Defendant is subject to personal jurisdiction in this District. Defendant has committed, and continues to commit, the acts and omissions alleged herein within the Southern District of Florida, causing injury to Plaintiff and violating rights secured by the Americans with Disabilities Act ("ADA"). A substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District. On multiple occasions, Plaintiff has been denied the full and equal use and enjoyment of Defendant's goods, services, and facilities offered through its Website while in Florida. The access barriers encountered on Defendant's Website have repeatedly deprived Plaintiff of full and equal access and now deter Plaintiff, on a regular basis, from attempting to access Defendant's Website. Defendant, VICTORIA'S SECRET DIRECT BRAND MANAGEMENT LLC. is authorized to do business in the State of Florida and is, in fact, conducting business within the State and within the jurisdiction of this Court.

## THE PARTIES

31. Plaintiff, Norma Gazonni, is a resident of the State of Florida. Plaintiff resides in Miami. Gazonni is legally blind, and a member of a protected class under the ADA. Whereby, she has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff was diagnosed 19 years ago with retinitis pigmentosa in both eyes by Bascom Palmer Eye Institute. Retinitis Pigmentosa ("RP") is a progressive, degenerative genetic disorder that causes a continual decline in visual function. As a result of this condition, she is now legally blind, and her visual

7

impairment is permanent. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, she has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

32. Plaintiff cannot use the computer without the assistance of a screen reader software. Gazonni is a proficient user of the NVDA and Voiceover screen-reader to access the internet." NVDA (Windows' screen reader) and Voiceover (Apple's screen reader) are the most popular screen reading software. For screen-reading software to function properly, website content must be capable of being converted into text that the screen reader can then audibly convey to the user.

33. VICTORIA'S SECRET DIRECT BRAND MANAGEMENT LLC. is a Foreign for profit Corporation. Defendant is the owner and operator of several clothing and lingerie stores under the brand name PINK. Defendant produces and distributes clothing to its stores and distributors in Florida.

34. Upon information and belief, at all times material hereto, Defendant Victoria's Secret owns, controls, and/or manages the day-to-day affairs of Victoria's Secret-Pink stores which are operating within the State of Florida. Defendant's store are public accommodations pursuant to 42 U.S.C. § 12181(7)(E).

35. Plaintiff believes, and thereon alleges, that defendant corporate and affiliates and/or related entities, actively engaged in the sale of apparel in various states throughout the country, including Florida.

## FACTS

36. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

37. Each of Defendant's stores are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "A clothing store, other sales establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

38. Victoria's Secret-Pink's stores offers clothing and lingerie for sale to the general public.

39. Defendant has control over several points of sale including the Website, its content, design and source-code, and/or operates her web pages, including image and data content. Defendant owns and operates the domain name https://www.victoriasecret.com that is configured for use by desktop computer and mobile devices such as smartphones.

40. Defendant's Website, accessible via mobile devices and desktop computers, serves multiple functions. One primary function is to provide the public with information regarding the various locations of Defendant's retail stores that sell clothing. Another primary function is to enable the public to purchase Defendant's products directly online. The Website operates as a platform for the public to engage with Defendant's fashion merchandise and retail locations. It also allows users to register and create personal accounts, place orders for clothing merchandise, access customer service, and utilize a store locator feature to identify Defendant's physical retail locations.

41. During multiple attempts to access Defendant's Website using JAWS and NVDA screen-reader software on a computer, and VoiceOver on a mobile device, Plaintiff visited the Website during August 2025, in preparation for visiting Defendant's physical store by first checking the Website for necessary information. But Plaintiff was denied access to Defendant's website, because the Website was incompatible to screen-reader software. Plaintiff encountered these barriers that are persistent and include, but are not limited to:

a. **Non-Text Content (WCAG 2.1, Success Criterion 1.1.1)** – The Website's images lack meaningful alternative text ("ALT" attributes). Screen-reading software relies on ALT text to convey image content to users with visual disabilities. Images have duplicate id - the same label (description) is used on more than one merchandise. When using keyboard-keys on the images the website announces product dot, image graphic link or the image has no label description.

b. **Store Locator Accessibility (WCAG 2.1, Success Criterion 1.3.1 and 2.1.1)** – On the "Find a Store" page, the Plaintiff is unable to access store location information because the Website fails to convey the address, only the phone number is announced. Furthermore, the page does not support proper keyboard navigation; key commands do not function as required, preventing non-mouse users from accessing critical location data.

c. **Visual Contrast (WCAG 2.1, Success Criterion 1.4.3 and 1.4.4)** – The Website's background, text, and product images lack sufficient color contrast, impairing visibility for users with low vision.

d. **Keyboard Navigation and Focus Order (WCAG 2.1, Success Criterion 2.4.3 and 2.4.7)** – When navigating with a keyboard, the focus order skips essential interactive elements, including the "Price" and product information. The absence of programmatic focus prevents keyboard-only users from completing the purchase process.

**e. Focus Order (WCAG 2.1, Success Criterion 2.4.3)** "Add to Bag" when click add to bag the website announces, "continue shopping". The action and control is mislabeled.

Website violations- screen capture – recording available:

https://drive.google.com/file/d/1l36VV2ArkXSgnI6tYBZXzJgIkA5wXSmF/view?usp=drive_link

https://drive.google.com/file/d/1Q6-nUYd7TyaZcNFGZp_Qz2nzx_PvPhWg/view?usp=sharing

https://drive.google.com/file/d/1-JVDNTfQQlf54rQGSQz8VE4Wr5CU17i0/view?usp=sharing

https://drive.google.com/file/d/1Ec2JcHxOOVelQ7MToEkD_4GyGDy4amJm/view?usp=sharing

https://drive.google.com/file/d/1CN1L-CB06FFnB7SR4YQXRYCmGDV8DF-N/view?usp=sharing

https://drive.google.com/file/d/1KQs5VJSb8Y2UaT-_ukNTOZ-DoXgGW4Rj/view?usp=sharing

42. These barriers each constitute a denial of Defendant's obligation under Title III of the Americans with Disabilities Act to provide individuals with visual disabilities full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, both online and in its physical stores. Unless and until Defendant remedies these violations and ensures compliance with WCAG 2.1, individuals with visual disabilities will continue to be excluded from accessing Defendant's Website on equal terms with sighted users.

43. As a blind individual, Plaintiff must plan her shopping in advance because, at Defendant's physical store, it is difficult to ascertain product prices, as price tags are not provided in Braille. Like countless other consumers, Plaintiff prefers to access Defendant's Website, as purchasing online is faster, or, at minimum, allows her to make pre-purchase selections before visiting the store. Plaintiff has a concrete and genuine intent to visit Defendant's store because she admires the quality of Defendant's products and wishes to purchase them on a regular basis.

44. Because Defendant's Website is inaccessible to screen-reader software, Plaintiff could not determine which stores were open in her area, view accurate product pricing, purchase or pre-shop PINK clothing for in-store pickup, access special discounts, register an account, or complete an online transaction. This inaccessibility impeded Plaintiff's ability to plan a visit, pre-purchase merchandise, and otherwise benefit from services that are integrated with, and privileges of, Defendant's physical stores. The Website's inaccessibility denied Plaintiff meaningful access to the goods and services of Defendant's brick-and-mortar locations and, unless remedied, will continue to deter her from visiting those locations.

## AMERICAN WITH DISABILITIES ACT

45. The failure to access the information needed precluded Plaintiff's ability to patronize Defendant's stores because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and ensure that Plaintiff arrives at a given location.

46. Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

47. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "store and sales establishment" Id. § 12181(7)(E). Defendant owns and operates stores, Victoria's Secret-Pink.

48. On March 18, 2022, The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains how businesses open to the public

(entities covered by ADA Title III) can make sure their websites are accessible to people with disabilities in line with the ADA's requirements. The guidance discusses the importance of web accessibility, barriers that inaccessible websites create for people with disabilities, tips on making web content accessible and applied the Web Content Accessibility Guidelines ("WCAG") 2.1 to determine accessibility. [2]

49. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and *intangible barriers*, such as screening rules or discriminatory procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

50. Today, consumers conduct most of their shopping online, and businesses often report higher revenue from online sales than from physical stores. Defendant's e-commerce Website serves as a primary point of sale, distribution channel, and source of revenue. Although intangible, the Website is an essential component of the goods, services, and privileges offered by Defendant's physical stores.

51. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

---

[2.] *See* *https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act.*

52. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website.

52. Plaintiff would like to become Defendant's patron and access the Defendant's physical store and the Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

53. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing Defendant's stores, goods and services available from Defendant and further left her with the feeling of segregation, rejection, isolation, frustrated and humiliated and unable to participate in a manner equal to that afforded to others who are not similarly disabled. As a result, Plaintiff has suffered in a personal and individual way a particularized harm and an injury in fact.

54. Plaintiff cannot make proper arrangements for transportation of herself to the Victoria's Secret-Pink's store locations without the ability to know in advance the Victoria's Secret-Pink's goods and services which service is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty about how to physically travel to Defendant's store location. Plaintiff is effectively denied the ability to physically travel to Defendant's store.

55. Plaintiff has a concrete plan to purchase Victoria's Secret-Pink's clothing when she is treated like other members of the public. By denying Plaintiff the opportunity to comprehend Defendant's Website therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

56. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

57. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

58. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

59. All Public Accommodations must ensure that their *Places of Public Accommodation* provide *Effective Communication* for all members of the general public, including individuals with disabilities pursuant *Title III ADA 28 C.F.R. § 36.303.*

60. Binding case law increasingly recognize that private entities are providing goods and services to the public through their online point of sale which operates as "Places of Public Accommodation" under Title III.

61. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is her only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

62. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

63. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

64. Plaintiff has retained the law office of Brasil & Brasil P.A.- Lorena Brasil, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs

and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant- Victoria's Secret-Pink.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

65. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

66. As set forth above, and pursuant to 42 U.S.C. § 12181(7)(E), Defendant is a public accommodation under the ADA because it owns and/or operates the Website, which falls within the definition of § 12181(7)(E). As such, Defendant is subject to the requirements of the ADA and has failed to ensure effective communication with individuals with disabilities.

67. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

68. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

69. Unlawful discrimination includes failing to provide necessary auxiliary aids and services to ensure individuals with disabilities are not excluded, denied services, or treated differently, unless doing so would fundamentally alter the offering or impose an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

70. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

71. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

72. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.victoriasecret.com/us/pink (the "Website") being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website through the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive effectively communication with the Website for purposes of viewing and locating Defendant's stores and becoming informed of and signing up for Defendant's online

merchandise, and of viewing electronic documents provided to the public within Defendant's Website.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

d) Plaintiff seeks an Order requiring Defendant to provide appropriate auxiliary aids and services to ensure that individuals with visual disabilities can effectively access, navigate, and communicate with Defendant's Website for the purposes of locating Defendant's physical stores, obtaining information regarding Defendant's products, and making purchases. Until such time as the Website is designed and maintained to permit effective communication for individuals with visual disabilities, Defendant shall provide an equally effective alternative method of communication to enable access to the goods and services offered to the general public through both its Website and physical locations.

e) Plaintiff seeks an Order requiring Defendant to provide appropriate auxiliary aids and services to ensure that individuals with visual disabilities can effectively access, navigate, and communicate with Defendant's Website for the purposes of locating Defendant's physical stores, obtaining information regarding Defendant's products, and making purchases. Until such time as the Website is designed and maintained to permit effective communication for individuals with visual disabilities, Defendant shall provide an equally effective alternative method of communication to enable access to the goods and services offered to the general public through both its Website and physical locations.

f) Plaintiff is entitled to recover reasonable attorney's fees, costs, and expenses. Plaintiff has retained the undersigned counsel to prosecute this action and has agreed to pay a reasonable fee for such legal services.

73. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Norma Gazonni hereby demands judgment against Defendant "VICTORIA'S SECRET DIRECT BRAND MANAGEMENT LLC." and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a declaration that Defendant's website is in violation of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant, by a certain date, to remove barriers and continually update and maintain their computer version of the defendant's websites to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

e. An Order requiring, by a date certain, that any third-party vendors who participate on Defendant's website to be fully accessible to the visually disabled;

f. Further requests the Court to retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

g. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 22th day of August 2025.

> /s/Lorena Brasil
> Attorney for Plaintiff
> Brasil & Brasil, P.A.
> Lorena Brasil, Esq.
> FBN: 1049012
> 500 E. Broward Blvd.
> Suite 900
> Fort Lauderdale, Florida 33394
> Tel: 954-848-2929
> contact@bblawfirmfl.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22th day of August, 2025 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.

> /s/Lorena Brasil
> Attorney for Plaintiff
> Brasil & Brasil, P.A.
> Lorena Brasil, Esq.